UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EDWIN MAGWOOD, individually and on behalf of his infant child T.M.,

Plaintiffs,

-against-

CITY OF NEW YORK, et al.,

Defendants.

24-CV-5438 (LAK) (RFT)

**ORDER**

---

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Pending before the Court are the declarations of Plaintiff Edwin Magwood and Plaintiffs'

attorney Mara Fleder on behalf of Magwood's infant son, T.M., in support of a proposed infant

compromise order ("Proposed Order") to settle Plaintiffs' claims against Defendant Indira

Gamoneda. (*See* ECF 44, Proposed Order.)

Under Local Civil Rule 83.2(a), the settlement of an action on behalf of an infant requires

leave of a court embodied in an order, judgment, or decree, and the application to settle must

conform as nearly as possible to the New York State statutes and rules. New York Civil Practice

Law & Rules ("CPLR") § 1208 sets specific procedures for approving settlements and

compromises of an infant's claim. The Court must consider an affidavit of the infant's

representative that discusses: (1) the representative's identity and relationship to the infant; (2)

the name, age, and residence of the infant; (3) the circumstances that gave rise to the claim; (4)

the nature and extent of the infant's injuries or damages; (5) the terms of the settlement; (6)

the facts surrounding the settlement; (7) whether other reimbursement has been received; and

(8) whether the infant's representative or family members have also made claims, and if so, more information about those claims. *See* CPLR § 1208(a).

The Court must also consider the affidavit of the infant's attorney, which must state: (1) the reason the attorney recommends the settlement; (2) that she is acting in the interests of the infant; and (3) what services she has rendered. *See id.* § 1208(b). Counsel must include medical and hospital reports in settlements of personal injury claims. *See id.* § 1208(c).

CPLR § 1208(d) requires that the moving party, the infant, and his attorney appear "before the court unless attendance is excused for good cause." The infant's appearance is "the long-time practice of the court[s]." *Bittner v. Motor Vehicle Acc. Indemnification Corp.*, 257 N.Y.S.2d 521, 523 (N.Y. Sup. Ct., N.Y. Cnty. 1965). "The appearance of the infant serves at least two purposes. First, an appearance may permit the Court to determine the extent of any injuries suffered. Second, appearance by the infants permits the Court to determine their position with respect to the settlement, which is a relevant consideration even given their minority."[1] *Southerland v. City of New York*, 99-CV-3329 (CPS), 2006 WL 2224432, at *3 (E.D.N.Y. Aug. 2, 2006).

New York State courts have established a "good cause" standard for excusing the hearing. *Linda J. v. Wharton*, 594 N.Y.S.2d 971, 972 (N.Y. City Civ. Ct., Queens Cnty. 1992); *see also Bermudez ex rel. Castellanos v. Spagnoletti*, 803 N.Y.S.2d 17, 17 (N.Y. City Civ. Ct., Kings Cnty. 2005) (setting out six factors for examining the good cause standard: (1) the nature and extent of the injuries; (2) the permanency of the injuries; (3) the degree of recovery attested to

---

[1]    Unless indicated otherwise, this order omits internal quotation marks, emphases, footnotes, and citations from quoted text.

by a physician; (4) the age of the infant; (5) the amount of the settlement in relation to the

injuries sustained; and (6) the nature of the hardship involved in having the infant appear in

court); *Allen v. Robert's Am. Gourmet Food, Inc.*, 07-CV-2661 (NGG) (ETB), 2009 WL 2951980, at

*9 (E.D.N.Y. Sept. 8, 2009) (citing *Wharton* and *Bermudez*).

Magwood's declaration (ECF 46) addresses only the representative's identity and

relationship to the infant and the terms of the settlement; it does not discuss any of the six

other items required by CPLR. § 1208(a).

Counsel's declaration suggests that she is acting in T.M.'s best interests and provides an

explanation for why she recommends the settlement (*see* ECF 45, Fleder Decl. ¶¶ 6-7, 9); she

does not, as required, address what services she rendered or whether there is good cause to

forgo a hearing attended by T.M. The declaration also needs a clearer statement that counsel is

acting in T.M.'s best interests, more detail on why the settlement amount for T.M. is "fair and

reasonable in light of the strengths, weaknesses, and the share of potential damages

reasonably attributed to Defendant Gamoneda" (*id.* ¶ 7), and the information needed to

approve the reasonableness of the attorneys' fees component of the Proposed Order (including

contemporaneous time records, a description of the experience of the timekeepers, and the

retainer agreement setting forth the terms of her representation of Plaintiffs). *See, e.g.*,

*Orlander v. McKnight*, No. 12-CV-4745 (HBP), 2013 WL 4400537, at *7 (S.D.N.Y. Aug. 15, 2013).

Finally, while it is permissible the settlement awarded to T.M. to be distributed to

Magwood because the amount is less than $10,000.00, *see* N.Y. CPLR § 1206(b), counsel has not

explained why doing so serves T.M.'s best interests: the declaration states that Magwood

would be in the best position to appreciate T.M.'s needs and to use the award to meet those

needs (*see* ECF 45, Fleder Decl. ¶ 8), but it does not explain why disbursing T.M.'s settlement amount to Magwood is preferable to depositing the funds in an interest-bearing account for T.M.'s future use. *See Gold ex rel. Gold v. United Health Servs. Hosps., Inc.*, 95 N.Y.2d 683, 691-92 (2001) (explaining that the choice of disbursement under CPLR § 1206 must "serve the infant's best interests").

Accordingly, by **May 23, 2025**, Plaintiffs shall submit: (1) a supplemental declaration from Magwood addressing the six items required by CPLR § 1208(a) that are not covered in his original declaration; and (2) a supplemental declaration from Plaintiffs' counsel addressing: (a) whether there is good cause to forgo a hearing attended by T.M; (b) providing a clearer statement that counsel is acting in T.M.'s best interests and more detail on why the settlement amount from Gamoneda is "fair and reasonable in light of the strengths, weaknesses, and the share of potential damages reasonably attributed to" that defendant; (c) describing what services counsel has rendered; (d) providing contemporaneous billing records, a description of the background of the timekeepers, and the retainer agreement for counsel's representation of Plaintiffs; and (e) explaining why disbursing T.M.'s settlement amount to Magwood is preferable to depositing the funds in an interest-bearing account for T.M.'s future use.

DATED:  May 9, 2025
        New York, New York

SO ORDERED.

ROBYN F. TARNOFSKY
United States Magistrate Judge