UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Edwin Magwood, individually and on behalf of his infant child T.M.,

                     Plaintiffs,

— against —

City of New York, Neal Henry, Cashmere James, Indira Gamoneda, and Judine Dobson,

                     Defendants.

Index No. 24-CV-5438

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-3-25

KAPLAN, United States District Judge.

       This is an application for approval of a settlement and Infant Compromise. Local Rule 83.2 provides that an action brought on behalf of an infant or incompetent shall not be settled, voluntarily discontinued, dismissed or terminated without leave of the court "embodied in" an order, judgment or decree. The proceeding shall conform "as nearly as may be" to the New York procedure, "but the court, for good cause shown, may dispense with any New York State requirement."

       N.Y. CPLR § 1208 requires two affidavits: (1) the infant or incompetent's representative; and (2) the attorney for the infant or incompetent. The Court has reviewed the Declarations of the attorney Mara Fleder and the plaintiff's representative Edwin Magwood ("Magwood") and they are in substantial compliance with New York law. They demonstrate that the settlement is fair, reasonable and adequate.

       Based upon its review, the Court approves the proposed Stipulation of Settlement annexed as Exhibit A to the Fleder Declaration, which provides for the payment of ONE HUNDRED AND FIFTY THOUSAND DOLLARS AND ZERO CENTS ($150,000.00), which

shall be paid by the City of New York in accordance with the Stipulation of Settlement, to be distributed as follows:

(1) Fifty thousand dollars and zero cents ($50,000.00) in attorneys' fees to Wertheimer LLC;

(2) Fifty thousand dollars and zero cents ($50,000.00) to Magwood to be deposited into an interest-bearing savings account at a bank selected by Magwood, to be held for T.M. and distributed in the following manner: (1) the first installment (25%) of the principal amount will be released to T.M. on his 18th birthday in the year 2040; (2) the second installment (25%) of the principal amount will be released to T.M. on his 19th birthday in the year 2041; (3) the third installment (25%) of the principal amount will be released to T.M. on his 20th birthday in the year 2042; and (4) the remaining balance, including accrued interest, will be released to T.M. on his 21st birthday in the year 2043.

(3) Fifty thousand dollars and zero cents ($50,000.00) to Magwood.

The settlement and Infant Compromise are approved.

IT IS FURTHER ORDERED, that in the event of death of the Infant Plaintiff(s) prior to the payment date set forth above, and in the event that the Infant Plaintiff(s) have not designated a beneficiary, payment shall be made to the estate of said Infant Plaintiff(s); and it is further

ORDERED, that this Court retains jurisdiction of this action for purposes of enforcement and modification of this Infant Compromise and the underlying settlement. *The Clerk shall close the case.*

DATED:   New York, New York
         3d day of Sept, 2025

SO ORDERED:

_____
Hon. Lewis A. Kaplan, U.S.D.J.